IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**CARNIS DELP and**
**LOIS DELP**

        **Plaintiffs,**

V.

**Civil Action No:** 5:10-0996
(Removed from Circuit Court of
Wyoming County, Civil Action
No. 10-C-15)

**AMERICAN OPTICAL CORPORATION,**
**PERSINGER SUPPLY COMPANY,**
**RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.,**
**EASTERN STATES MINE SUPPLY CO.,**
**FAIRMONT SUPPLY COMPANY**

        **Defendants.**

## NOTICE OF REMOVAL

TO:   David Stover, Clerk
Circuit Court of Wyoming County
Post Office Box 190
Pineville, West Virginia 24874

John Hunt Morgan, P.S.C.
P.O. Drawer 2077
Williamson, WV 25661
*Counsel for Plaintiffs*

G. Todd Houck, Esquire
105 Guyandotte Avenue
Mullens, WV 25882
*Counsel for Plaintiffs*

Eric J. Jacobi, Esquire
Kenealy & Jacobi, PLLC
Waterfront Park Place, Suite 401
222 East Witherspoon Street
Louisville, KY 40202
*Counsel for Plaintiffs*

1

Steven P. McGowan, Esquire
Robert D. Pollitt, Esquire
Chase Tower, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Fairmont Supply Co.*

Thomas S. Sweeney, Esquire
MacCorkle Lavender & Sweeney, PLLC
300 Summers Street, Suite 800
Charleston, WV 25301
*Counsel for Defendants Raleigh Mine & Industrial Supply, Inc. and,
Eastern States Mine Supply Company*

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, you are hereby notified that Defendant American Optical Corporation (hereinafter sometimes referred to as "American Optical"), has removed the above-captioned case from the Circuit Court of Wyoming County, West Virginia to the United States District Court for the Southern District of West Virginia. In support of its Notice of Removal, American Optical states as follows:

### BACKGROUND

1. On February 3, 2010, Plaintiffs, Carnis Delp and Lois Delp filed this action in the Circuit Court of Wyoming County, West Virginia, Civil Action Number 10-C-15. *See Exhibit A, Complaint.*

2. The Complaint names the following Defendants: American Optical Corporation; Persinger Supply Company; Raleigh Mine and Industrial Supply, Inc.; Eastern States Mine Supply Co.; and Fairmont Supply Company.

3. The Complaint alleges that Plaintiff, Carnis Delp, worked as a coal miner in West Virginia from 1947 to January 27, 1986 and used respirators manufactured and sold by Defendant, American Optical Corporation, for

protection against harmful dust. Plaintiff further alleges that the American Optical respirators used by Plaintiff were defective which resulted in his development of coal worker's pneumoconiosis or "black lung."

4. Plaintiff alleges strict liability against Persinger Supply Company; Raleigh Mine and Industrial Supply, Inc.; Eastern States Mine Supply Co.; and Fairmont Supply Company as distributors of American Optical respirators.

5. Plaintiff does not allege the particular American Optical respirator that he believes was defective resulting in his injury. Plaintiff also does not allege that any of the non-diverse distributor defendants (Persinger Supply Company; Raleigh Mine and Industrial Supply, Inc.; and Eastern States Mine Supply Co.) distributed the particular American Optical respirator(s) that was allegedly defective resulting in his injury.

## THE PARTIES

6. Defendant American Optical Corporation is incorporated in the state of Delaware and has its principal place of business in Connecticut. American Optical was served with the Complaint on February 3, 2010. American Optical Corporation is a foreign defendant. *See Exhibit B, Docket Sheet.*

7. Defendant Persinger Supply Company is a West Virginia Corporation with its principal place of business located in Pritchard, West Virginia. The citizenship of Persinger Supply Company can be disregarded for removal purposes as an Agreed Order dismissing Persinger Supply Company from this action was entered on March 1, 2010. *See Exhibit B, Docket Sheet.*

3

8. Defendant Raleigh Mine and Industrial Supply, Inc. is a West Virginia Corporation with its principal place of business located in Mount Hope, West Virginia. Raleigh Mine and Industrial Supply, Inc. was served with the Complaint on or about February 3, 2010. *See Exhibit B, Docket Sheet.* The citizenship of Raleigh Mine and Industrial Supply, Inc. can be disregarded for removal purposes as it was fraudulently joined for the purpose of defeating diversity jurisdiction.

9. Defendant Eastern States Mine Supply Company is a West Virginia Corporation with its principal place of business located in Beckley, West Virginia. Eastern States Mine Supply Company was served with the Complaint on or about February 3, 2010. *See Exhibit B, Docket Sheet.* The citizenship of Eastern States Mine Supply Company can be disregarded for removal purposes as it was fraudulently joined for the purpose of defeating diversity jurisdiction.

10. Defendant Fairmont Supply Company is incorporated in the state of Delaware with its principal place of business located in Pennsylvania. Fairmont Supply Company was served with the Complaint on or about February 3, 2010. Fairmont Supply Company is a foreign corporation.

**BASIS OF REMOVAL**

11. This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by American Optical pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp. 2d, 395, 413 (S.D. W.Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees, and punitive damages. *Id.* at 413-4.

13. Although Plaintiffs did not specifically plead an amount of damages in the Complaint, this case may be removed because it is facially apparent from the Complaint that Plaintiffs seek damages in excess of $75,000.

14. In addition, Plaintiffs seek punitive damages against American Optical Corporation. Therefore, without conceding that Plaintiffs are entitled to any damages, which is expressly denied by this Defendant, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000. If the Court for any reason is inclined to disagree, American Optical respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

15. American Optical Corporation and Fairmont Supply Company are foreign corporations and they and Plaintiffs are citizens of different states. The non-diverse distributor defendants (Raleigh Mine and Industrial Supply, Inc. and Eastern States Mine Supply Co.) have been fraudulently joined for purposes of defeating diversity jurisdiction. Defendant Persinger Supply Company was dismissed from this action on March 1, 2010.

16. The plaintiff cannot join a defendant simply to defeat diversity jurisdiction. See Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). In order to establish that a non-diverse defendant has been fraudulently joined for purposes of defeating removal, the removing party must establish either: 1) "outright fraud in the plaintiff's pleading of jurisdictional facts" or 2) that "there is *no possibility* that plaintiff would be able to establish a cause of action against the in-state defendant in state court." Quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).

17. For a cause of action to exist against the non-diverse defendants in this case, at least a minimal connection must be shown between the non-diverse defendants and the alleged defective respirators. See *Degenova v. PPG Industries, Inc., et al.*, 2006 U.S. Dist. LEXIS 89912, United States District Court for the Northern District of West Virginia, Civil Action No. 5:06CV22 (Decided December 12, 2006). In *Degenova*, the plaintiff brought an action for injuries resulting for a work-related accident. Specifically, the plaintiff and four other employees were passengers in a Kalamazoo Model 2500B4, four-wheel vehicle designed to carry significant weighted loads. *Id.* at 2. Plaintiff filed suit against his employer, the manufacturer of the vehicle, the seller/distributor of the tires. *Id.* Plaintiff asserted claims for negligent design, manufacture, distribution, sale and maintenance of the Kalamazoo, breach of implied warranty, breach of express warranty and deliberate intent against his employer. *Id.* The plaintiff's employer removed the case to federal court claiming diversity jurisdiction because American Tires, the seller and distributor of the tires, was fraudulently joined to

6

defeat federal jurisdiction. *Id.* at 11. In an attempt for remand, Plaintiff filed two affidavits of two of the employer's employees averring that at the time of the accident, the Kalamazoo was equipped with the wrong size tires and that American Tire sells tires to the employer. *Id.* at 11. The Court found that the plaintiff failed to offer any proof showing that the **particular tires** installed on the subject vehicle on the date of the accident were supplied by American Tire. *Id.* (emphasis added). The Court reasoned that simply because American Tire has sold tires to the plaintiff's employer does not establish that American Tire sold the **particular tires** at issue. *Id.* (emphasis added).

18. The instant case is analogous with *Degenova*. Here, Plaintiffs have filed this action against American Optical, the manufacturer of the alleged defective respirators used by Mr. Delp while a coal miner and against several non-diverse alleged distributors of American Optical respirators.

19. Plaintiffs have failed to identify the **particular** American Optical respirator(s) that was allegedly defective and caused Plaintiff harm.

20. Plaintiffs have offered no proof, nor can they, that the **particular** American Optical respirator(s) at issue was distributed by any of the non-diverse distributor defendants.

21. Defendant Raleigh Mine and Industrial Supply, Inc. has never distributed, supplied or sold any products manufactured by American Optical Corporation to any of Plaintiff's employers as complained of in Plaintiff's Complaint. Further, American Optical Corporation was never a manufacturer with whom Raleigh Mine and Industrial Supply, Inc. transacted business in the

7

State of West Virginia or in any other state or jurisdiction at any time as complained of in Plaintiffs' Complaint. *See Exhibit C, Affidavit of Marshall White.*

22. Defendant Eastern States Mine Supply Company has never distributed, supplied or sold any products manufactured by American Optical Corporation to any of Plaintiff's employers as complained of in Plaintiff's Complaint. Further, American Optical Corporation was never a manufacturer with whom Eastern States Mine Supply Company transacted business in the State of West Virginia or elsewhere. *See Exhibit D, Affidavit of Donna Zandlo.*

23. Defendant American Optical Corporation did not transact business with Crest Supply Company, Inc.; Raleigh Mine and Industrial Supply, Inc.; Eastern States Mine Supply Co.; or Fairmont Supply Company. *See Exhibit E, Affidavit of Joseph Z. Zdrok.*

24. As in *Degenova*, the plaintiffs here have simply alleged that Mr. Delp wore respirators manufactured by American Optical and that the distributor defendants distributed respirators manufactured by American Optical to Mr. Delp's employers.

25. Plaintiffs can not establish a connection between the non-diverse distributor defendants and the alleged defective respirator(s) at issue as American Optical Corporation did not transact business with the non-diverse distributor defendants in the State of West Virginia or elsewhere.

26. Without proof that the **particular** allegedly defective American Optical respirator(s) worn by Mr. Delp was distributed by any of the non-diverse

distributor defendants, there is no possibility that Plaintiffs can establish any cause of action against the non-diverse distributor defendants in this case.

27. Defendants Raleigh Mine and Industrial Supply, Inc. and Eastern States Mine Supply Company were fraudulently joined for the purpose of defeating diversity jurisdiction as there is no possibility that Plaintiffs can establish a cause of action against them.

28. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court within thirty (30) days of when Defendant American Optical Corporation first ascertained that the case was removable and within one (1) year of the commencement of the action.

29. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorney of record, and upon the Clerk of the Circuit Court of Wyoming County, West Virginia.

30. Copies of all process, pleadings and orders received by Defendant in the Circuit Court of Wyoming County, West Virginia, Civil Action Number 10-C-15, are attached hereto as Exhibit F.

WHEREFORE, the defendant, American Optical Corporation requests that this Court assume full jurisdiction over the cause herein as provided by law, and that the Circuit Court of Wyoming County, West Virginia proceed no further in the premises. Defendant further demands that the trial of this matter in federal court be heard by a jury.

**AMERICAN OPTICAL CORPORATION**

By Counsel

/s/ Michelle B. Hoosier
J. Tyler Dinsmore (WV Bar No. 5823)
Frances M. Rollins (WV Bar No.)
Michelle B. Hoosier (WV Bar No. 9936)
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, West Virginia 25338-3843
Phone: 304-345-0200
Fax: 304-345-0260
mhoosier@fsblaw.com
tylerd@fsblaw.com
frollins@fsblaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**CARNIS DELP and**
**LOIS DELP**

      **Plaintiffs,**

**V.**                                            **Civil Action No:_____**
                                                (Removed from Circuit Court of
                                                Wyoming County, Civil Action
                                                No. 10-C-15)

**AMERICAN OPTICAL CORPORATION,**
**PERSINGER SUPPLY COMPANY,**
**RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.,**
**EASTERN STATES MINE SUPPLY CO.,**
**FAIRMONT SUPPLY COMPANY**

      **Defendants.**

### CERTIFICATE OF SERVICE

I, Michelle B. Hoosier, counsel for defendant, American Optical Corporation, do hereby certify that on August 6, 2010, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      John Hunt Morgan, P.S.C.
      P.O. Drawer 2077
      Williamson, WV 25661
      *Counsel for Plaintiffs*

      G. Todd Houck, Esquire
      105 Guyandotte Avenue
      Mullens, WV 25882
      *Counsel for Plaintiffs*

      Eric J. Jacobi, Esquire
      Kenealy & Jacobi, PLLC
      Waterfront Park Place, Suite 401
      222 East Witherspoon Street
      Louisville, KY 40202
      *Counsel for Plaintiff*

Steven P. McGowan, Esquire
Robert D. Pollitt, Esquire
Chase Tower, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Fairmont Supply Company*

Thomas S. Sweeney, Esquire
MacCorkle Lavender & Sweeney, PLLC
300 Summers Street, Suite 800
Charleston, WV 25301
*Counsel for Defendants Raleigh Mine & Industrial Supply, Inc. and, Eastern States Mine Supply Company*

/s/ Michelle B. Hoosier
J. Tyler Dinsmore (WV Bar No. 5823)
Frances M. Rollins (WV Bar No.)
Michelle B. Hoosier (WV Bar No. 9936)
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, West Virginia 25338-3843
Phone: 304-345-0200
Fax: 304-345-0260
mhoosier@fsblaw.com
tylerd@fsblaw.com
frollins@fsblaw.com